UNITED STATES of America,
Plaintiff-Appellee,

v.

Israel VILLARREAL,
Defendant-Appellant.

No. 76–3826
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.
Rehearing Denied July 20, 1977.

Daniel V. Alfaro; Albert A. Pena, III, Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Charles Lewis, Asst. U. S. Atty., Brownsville, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

The genesis of this appeal is outlined lucidly in *United States v. Alvarez*, 548 F.2d 542 (5th Cir. 1977):

On the night of September 25, 1975, two customs patrol officers conducting a surveillance of the Rio Grande River near Rio Grande City, Texas, observed two men pulling a boat loaded with sacks across the river. When the boat landed on the Texas side, five more men

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

emerged from the bank, and the unloading operation began. One of the officers threw a ground illumination flare and ran and seized one Israel Villareal;[1] as the men scattered, the second officer chased a short, stocky man up the bank, past a parked white Chevrolet van where the stocky man dropped two sacks and ran toward a group of houses, the closest of which was owned by Alvarez' father. The stocky man won the race, and the officer, having lost sight of him, returned to the van and found sacks of marijuana inside it and scattered along the path from the van to the river bank. Villareal, the Chevrolet van and approximately 1,600 pounds of marijuana were taken to the Customs Patrol Office in Rio Grande City.

Interrogation of Villareal in Spanish and English at the Customs Patrol Office by two Drug Enforcement Administration agents resulted in a statement given by him which became the subject of considerable controversy at trial. According to the agents, Villareal identified Margarito Alvarez as the owner of the white van and, further, as the stocky man who fled from the bank toward the houses. According to Villareal, on the other hand, he told the agents only that the van belonged to Margarito Alvarez (as he knew from servicing it at a truck stop where he worked) and did not say that Margarito was present at the riverbank. Two days later an arrest warrant was served on Alvarez at his home. *Id.* at 543 (footnotes omitted).

Both Alvarez and Villareal were indicted for conspiracy to possess, and possession of, marijuana with intent to distribute.[2] Villarreal pled guilty, but Alvarez went to trial. Despite Villarreal's disclaimers, the jury found Alvarez guilty and his conviction was affirmed by this court. *Alvarez, supra.*

Following the conviction of Alvarez, the Government indicted Villarreal under 18 U.S.C. § 1623(a) (1970) for perjury.[3] He was convicted and now advances this appeal.

Villarreal makes only one contention worthy of note. During the Alvarez trial, Judge Garza commendably notified the parties that a possible conflict existed between the defendant Alvarez and witness Villarreal and that in case it materialized they should not be represented by partners of the same law firm. He requested the public defender to counsel Villarreal prior to his testimony, particularly to warn him of the possibility of a perjury indictment. This was done, but Villarreal remained adamant during questioning that Alvarez had not been involved in the smuggling operation.

■ For his perjury trial, Villarreal retained the same law firm to represent him. He now argues that Judge Cox violated his sixth amendment rights by allowing this firm to be his attorneys because of the conflict noted in the earlier trial by Judge Garza.[4] This contention is meritless. Although a conflict may have existed during the Alvarez trial, none has been alleged or demonstrated during Villarreal's perjury trial. Moreover, a defendant may choose to be represented by counsel with possible or real conflicts. *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). The fact that Villarreal continued to employ the firm after Judge Garza had explicitly noted the conflict conclusively demonstrates a knowing, intelligent waiver of conflict-free representation.[5]

1. In *Alvarez* we inadvertently spelled "Villareal" with one "r" rather than two.

2. *See* 21 U.S.C. §§ 846 & 841(a)(1) (1970), 18 *id.* § 2.

3. 18 U.S.C. § 1623(a) (1970) states in relevant part, "Whoever under oath . . . in any proceeding before or ancillary to any court . . . of the United States knowingly makes any false material declaration

. . . shall be fined not more than $10,000 or imprisoned not more than five years, or both."

4. This allegation was not raised in the trial court.

5. Appellant also argues on this appeal that Judge Garza was in error when he "forced" the public defender on Villarreal during the Alvarez trial. Leaving

Villarreal was not, as he contends, denied effective assistance of counsel during his perjury trial. We have examined appellant's other assignments of error and find them equally devoid of merit. Consequently, his conviction is

AFFIRMED.

to one side the fact that there are strong indications in the record that Villarreal willingly accepted the public defender's advice, Villarreal is in no position to argue here that any of his rights were violated. He was not a defendant in the Alvarez trial, having already pled guilty. His sixth amendment right to counsel of his choice was therefore not implicated at that time. He was merely gratuitously informed of the possible repercussions of his proposed testimony by conflict-free counsel. He was not entitled to even

this, and cannot here complain because good advice was foisted upon him.

Appellant further contends that his retained counsel's conflicts were of such magnitude that his plea of guilty to conspiracy to possess marijuana was infected by ineffective assistance of counsel. This contention is not properly before us on this appeal of his perjury conviction, however.